## In re L.B.G. PROPERTIES, INC., Debtor.

### L.B.G. PROPERTIES, INC., Plaintiff,

v.

### CHISHOLM REALTY COMPANY, LTD., and American National Bank and Trust Company of Chicago, Defendants.

Bankruptcy No. 83–01358–BKC–TCB.
Adv. No. 83–0617–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 9, 1983.

Robert Hewitt, Miami, Fla., for plaintiff/debtor.

John L. Britton, Fort Lauderdale, Fla., for Chisholm Realty Co. and American National Bank.

### ORDER ON DEBTOR'S EMERGENCY MOTION

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 debtor's Emergency Motion for Order Enforcing or Clarifying Automatic Stay Under § 362 was heard on August 8.

The debtor, plaintiff in this adversary proceeding, seeks an order restraining the defendant Chisholm from presenting and the defendant bank from honoring a letter of credit which the debtor gave to Chisholm, before bankruptcy, as additional collateral together with a junior mortgage, to secure a debt. The debtor, in this adversary proceeding, against the same parties, seeks a determination of the validity, priority and amount of Chisholm's secured interest.

The letter of credit is for $350,000 in favor of the defendant Chisholm and is payable on or after August 1, 1983 but not later than October 31, 1983.

The automatic stay provided by 11 U.S.C. § 362(a) protects only "property of the estate". Neither the letter of credit nor the money owed by the bank are property of the estate. The debtor has presented no other basis to enjoin the bank from honoring the letter of credit. See Enjoining Payment on a Letter of Credit in Bankruptcy: a Tempest in a Twist Cap, 38 *Bus.Lawyer* 21 (Nov. 1982), where the authors review the limited litigation on the point at issue here.

The debtor has also argued that the modification of mortgage, dated September 15, 1982, between the debtor and Chisholm and another bank renders the letter of credit conditional. I have examined that document, which is attached to the complaint in this adversary proceeding and find no basis to conclude that the issuing bank's obligation is conditional in any way or that it affords any basis to enjoin Chisholm from receiving the funds, which Chisholm has already demanded.

For the foregoing reasons, the debtor's motion for a restraining order is denied.