**In re PEMBROKE DEVELOPMENT CORPORATION, Debtor.**

**PEMBROKE DEVELOPMENT CORPORATION, Plaintiff,**

v.

**CARTERET SAVINGS BANK, F.A., Defendant.**

**Bankruptcy No. 90–26406–BKC–SMW. Adv. No. 90–0470–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 4, 1990.

See also 122 B.R. 610.

Raymond Ray, Fort Lauderdale, Fla., for plaintiff.

Elio Martinez, Miami, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS COMPLAINT

SIDNEY M. WEAVER, Chief Judge.

THIS MATTER came for trial before the Court on November 14, 1990, upon the complaint of Pembroke Development Corporation (the "debtor") against Carteret Savings Bank, F.A. (the "creditor") for Injunctive and Declaratory Relief, and the creditor having raised an *ore tenus* Motion To Dismiss Complaint, and the parties having submitted memoranda of law to the Court, and the Court having reviewed the record, having listened to the argument of counsel, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

In January, 1989, the debtor and the creditor entered into a Construction Loan Agreement whereby the creditor advanced $14,500,000.00 to the debtor. Simultaneously therewith, the parties executed a Security Agreement whereby certain let-

ters of credit were pledged as additional collateral on the loan. The letters of credit, totaling $1,000,000.00, were issued by the bank at the request of non-debtor customers.

In May, 1990, the debtor defaulted on the loan obligation to the creditor. Thereafter, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor then instituted this adversary proceeding seeking, in Count I of the complaint, a preliminary injunction prohibiting the creditor from drawing on the letters of credit. In Count II, the debtor seeks a determination from this Court as to whether the creditor is entitled to draw on certain of the letters of credit totaling $500,000.00.

On September 20, 1990, this Court entered a Temporary Restraining Order prohibiting the creditor from drawing on the letters of credit until a hearing could be held on the matter. Following the hearing, the Court, by order dated October 1, 1990, dissolved the Temporary Restraining Order thereby permitting the creditor to draw on the letters of credit. The Court concluded, based on the prevailing case law, that the letters of credit were not property of the estate. *In re L.B.G. Properties, Inc.*, 33 B.R. 196 (Bankr.S.D.Fla.1983); *In re San Jacinto Glass Industries, Inc.*, 93 B.R. 934 (Bankr.S.D.Tex.1988); *In re Diamond Machine Co.*, 95 B.R. 255 (Bankr.D.Me.1988); *Lower Brule Construction Co. v. Shesley's Plumbing & Heating Co., Inc.*, 84 B.R. 638 (D.S.D.1988). The Court also reasoned that permitting the creditor to draw on the letters of credit would only shift $1,000,000.00 of the obligations owed by the debtor from secured to unsecured debt.

The creditor now contends that this Court lacks jurisdiction to adjudicate the claim for declaratory relief still pending before this Court. The creditor argues that the Court lacks subject matter jurisdiction in that the debtor is attempting to litigate the rights of third parties. The letters of credit were issued at the request of non-debtor customers for the benefit of the creditor/beneficiary. As such, the creditor asserts that the question of wheth-

er it could draw on the letters of credit does not affect the debtor or the estate.

The jurisdiction of the Bankruptcy Court does not extend to property in which the debtor has no interest. *In re Illinois–California Express, Inc.,* 50 B.R. 232 (Bankr.D.Col.1985). The debtor has no interest in the letters of credit in that the transactions reflect contracts between the non-debtor customers, the issuing bank, and the creditor/beneficiary. Accordingly, this Court finds that the lack of subject matter jurisdiction precludes this Court from adjudicating the rights of those parties to the proceeds of the letters of credit.

Based on the foregoing, it is:

ORDERED AND ADJUDGED that the Motion To Dismiss Complaint is hereby granted. The complaint is hereby dismissed.

DONE AND ORDERED.