**In re PEMBROKE DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy No. 90–26406–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

March 1, 1991.

See also 122 B.R. 610.

Raymond Ray, Fort Lauderdale, Fla., for debtor.

Craig Rasille, Miami, Fla., for Com.

Paul M. May, Fort Lauderdale, Fla., for North Ridge Bank.

## ORDER GRANTING MOTION FOR APPROVAL OF STIPULATION FOR RELEASE OF COLLATERAL

SIDNEY M. WEAVER, Chief Judge.

THIS MATTER came before the Court on February 13, 1991, upon a Motion For Approval of Stipulation For Release of Collateral between Pembroke Development Corporation (the "debtor") and North Ridge Bank, and the Court having reviewed the record, having listened to the argument of counsel, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

In April of 1990, the debtor obtained a loan from North Ridge Bank in the principal amount of $450,000.00. The note executed by the debtor called for a maturity date of August 16, 1990. Pursuant to the terms of the note, North Ridge Bank took a security interest in the furniture, fixtures and equipment of the debtor. As additional collateral, North Ridge Bank took possession of three certificates of deposit, the payees of which were Jeffrey Miller, Robert Miller, and Phyllis Miller. The payees on the certificates of deposit had also personally guaranteed the loan to the debtor.

On August 16, 1990, the debtor executed a renewal note in favor of North Ridge which extended the maturity date on the original note to February 16, 1991. To secure the renewal note, North Ridge caused to be filed a financing statement covering the furniture, fixtures, and equipment of the debtor, as well as the three certificates of deposit already in the possession of North Ridge. Additionally, North Ridge required that the name of the debtor be added as a payee on the certificates of deposit. Thus, the named payees on the certificates of deposits were, respectively, the debtor and Jeffrey Miller, the debtor

and Robert Miller, and the debtor and Phyllis Miller. Subsequently, the debtor defaulted on the renewal note to North Ridge.

On September 12, 1990, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. By way of the Motion For Approval of Stipulation for Release of Collateral, the debtor and North Ridge Bank seek authority from this Court for North Ridge to exercise its right of setoff against the certificates of deposit pursuant to 11 U.S.C. § 553. The certificates total $450,000.00 in deposits. The debtor and North Ridge contend that permitting North Ridge to exercise its right to set off will benefit the estate in that interest will stop accruing on the note.

The Resolution Trust Corporation as Conservator of Commonwealth Savings and Loan Association ("Commonwealth"), a secured creditor in this estate, filed an objection to the Motion to Approve Stipulation. Commonwealth asserts that by joining the debtor as a payee on each of the certificates of deposit, the certificates became assets of the bankruptcy estate pursuant to 11 U.S.C. § 541. Further, Commonwealth asserts that by pledging the certificates of deposit within the 90 days preceding the filing of the bankruptcy petition, the perfection of the security interest in the certificates constitutes a voidable preference pursuant to 11 U.S.C. § 547(b). *See Deel Rent–A–Car v. Levine*, 721 F.2d 750 (11 Cir.1983). As such, Commonwealth demands the turnover of the certificates to the estate pursuant to 11 U.S.C. § 542.

The debtor asserts that the certificates of deposit are not property of the estate. The debtor relies on this Court's ruling in *Pembroke Development v. Carteret Bank*, 121 B.R. 660 (Bkrtcy.S.D.Fla.1990), wherein the Court held that letters of credit issued as collateral at the request of non-debtor customers for the benefit of a secured creditor where not property of this debtor's estate. The debtor contends that the certificates do not constitute property of the estate in that the certificates were, at all material times, assets of the non-debtor individuals. Each of the certificates was initially held in the name of the individual non-debtors; the name of the debtor being added as a payee only at the request of North Ridge.

Under Article 9 of the Uniform Commercial Code, a certificate of deposit, whether negotiable or not, is an instrument. Fla. Stat.Ann. § 679.105(i) (WEST 1991); *Citizens National Bank of Orlando v. Bornstein*, 374 So.2d 6 (Fla.1979). A security interest in instruments may be perfected by a secured party's taking possession. Fla.Stat.Ann. § 679.304 (WEST 1991). A security interest is perfected by possession from the time possession is taken without a relation back and continues so long as possession is retained. Fla.Stat.Ann. § 679.305 (WEST 1991).

In this instance, North Ridge Bank took possession of the certificates of deposit at the time the original note was executed. The certificates were pledged by the non-debtor individuals as collateral on the loan to the debtor. When the note was renewed on August 16, 1990, North Ridge filed a financing statement covering the certificates of deposit, which now listed the debtor as a payee. North Ridge Bank did not surrender possession of the certificates at the time it filed the financing statement. Therefore, the Court finds that North Ridge Bank perfected its security interest at the time it took possession of the certificates and the subsequent filing of the financing statement, under these facts, does not constitute a voidable preference under 11 U.S.C. § 547(b).

Based on the foregoing, its hereby:

ORDERED AND ADJUDGED as follows:

1. The Motion For Approval of Stipulation For Release of Collateral is granted.

2. The objection by the Resolution Trust Corporation as conservator of Commonwealth Savings and Loan Association is overruled.

3. North Ridge Bank may exercise its right of set off against the three certificates of deposit in its possession.

DONE AND ORDERED.